IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK MICHALEK** *and* **JENNIFER MICHALEK,** | ) CIVIL ACTION NO. 19-351 ) ) JUDGE JOY FLOWERS CONTI |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**, | ) ) ) |
| Defendant. | ) ) |
| v. | ) ) |
| **SHAWN STEELE d/b/a Elites Construction** | ) ) |

**MEMORANDUM OPINION**

I. Introduction

Pending before the court in this insurance coverage case is a motion for reconsideration (ECF No. 73) filed by plaintiffs Mark and Jennifer Michalek ("plaintiffs" or the "Michaleks"). The Michaleks challenge one aspect of the court's summary judgment ruling, specifically, the court's conclusion that "[b]ased on this record, a reasonable jury could not conclude that the Michaleks provided sufficient evidence of their [Additional Living Expenses] ALE." (ECF No. 72 at 13). Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") filed a response and brief in opposition to the motion (ECF Nos. 74, 75). The motion is ripe for disposition.

II. Factual and Procedural Background

The court's opinion and order granted summary judgment in favor of Nationwide on the ALE claim and denied summary judgment in all other respects (ECF Nos. 71, 72). The court noted in its opinion that the parties thoroughly developed the Concise Statement of Material Facts ("CSMF") and submitted numerous exhibits (ECF Nos. 61, 63, 70).

The Michaleks' ALE claim, however, was not properly documented. The court noted that Nationwide was willing to pay reasonable ALE and had asked the Michaleks to submit documentation, but they had not done so. As the court explained in its opinion:

> The Michaleks submitted a Sworn Statement in Proof of Loss within 60 days of being requested to do so by Silassy (ECF Nos. 61-13, 61-14). The Michaleks also submitted a 1-page listing of their claimed additional expenses (ECF No. 63-9). It is undisputed, however, that the Michaleks never provided any receipts or supporting documentation of their claimed ALE (ECF No. 70 ¶ 84). On June 1, 2018, DiBella sent a letter stating that the Proof of Loss Statement was rejected and, among other things, requesting additional documentation to support the Michaleks' claimed losses (ECF No. 61-15). At his deposition on April 21, 2021, Mark Michalek testified it was "100 percent correct" that he had not undertaken an effort to itemize or quantify the ALE (ECF No. 61-12 at 16). The evidentiary record is now closed and the Michaleks provided no explanation for why they did not provide any receipts, credit card statements, cancelled checks or other documentation (such as a statement or receipt from Mrs. Michalek's parents for the payments made by the Michaleks to them or on their behalf). The court concludes that no reasonable jury could find that the Michaleks provided any supporting documentation for the claimed ALE or that the Michaleks complied with the policy requirements for reimbursement of ALE.

ECF No. 72 at 13-14.

Upon receipt of the court's opinion, the Michaleks' attorney reviewed his file and located an August 16, 2021 email sent to defense counsel with a 39-page PDF attachment containing supporting documentation for the ALE expenses. (ECF No. 73-4). The Michaleks admit that the ALE documentation was not part of the initial summary judgment record.

III. Standard of Review

As an initial matter, the parties cited the wrong standard of review. An order granting partial summary judgment is an interlocutory order. Fed. R. Civ. P. 54(b). The more familiar (and more stringent) standard for reconsideration under Rule 59(e) (i.e., change in controlling law, new evidence not previously available, clear error of law or fact or the need to prevent manifest injustice") does not apply. *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp.3d 292, 295 (M.D. Pa. 2016). Instead, courts may permit reconsideration under Rule 54(b) whenever "consonant with justice to do so." *Id.* (citations omitted). In *Dougherty v. Dupes*, No. 1:17-CV-01541, 2018 WL 3869743 (M.D. Pa. Aug. 15, 2018) (Conti, J.), the court explained that until it finally adjudicates all claims as to all parties, the court "retains the discretion to modify any earlier order." *Id.* at *2 (citations omitted).

The Rule 54(b) standard, while less rigorous, is not without teeth. As explained in *Qazizadeh*, because of the acute need for finality of judgments and to preserve judicial resources, a "movant must still establish good cause for why the court should revisit its prior decision." *Qazizadeh*, 214 F. Supp.3d at 295. A motion for reconsideration is not to be used to reargue matters already disposed of by the court, to get a "second bite at the apple," or to raise new arguments that could have been made the first time. *Id.* (citations omitted).

IV. Discussion

The Michaleks seek reconsideration based on evidence that existed at the time of the original summary judgment proceedings, but was inadvertently not disclosed. The Michaleks argue that the omission was the fault of both sides. Plaintiffs recite several representations made by Nationwide in the summary judgment record to the effect that the Michaleks had not provided

receipts or support for their ALE claim. (ECF No. 73 at 1-2). It now appears, based on the email attachment (ECF No. 73-4), that the Michaleks may have provided some support for their ALE claim. Nationwide denies that it misrepresented the record and disputes the adequacy and appropriateness (i.e., not within the requisite time frame) of this documentation. The Michaleks ask the court to correct this factual error, deny summary judgment, and allow their ALE claim to be presented to the jury.

The court has not located any direct precedent from the United States Court of Appeals for the Third Circuit. District courts within the Third Circuit have uniformly denied motions for reconsideration, even under the Rule 54(b) standard, where the evidence was previously available.

In *Qazizadeh*, the court stated that a reconsideration motion should not be used for "evidence that could have been proffered prior to the issuance of the order in question." *Id.* at 296 (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)). In *Bachman v. Liu*, No. 1:20-CV-01845, 2021 WL 5750456 (M.D. Pa. Aug. 12, 2021), the court denied a motion for reconsideration "because it is entirely based on evidence that could have been introduced in support of the original motion but was not." *Id.* at *1.

In *Rittenhouse Entertainment, Inc. v. City of Wilkes-Barre*, No. 3:11-CV-00617, 2021 WL 3511122, at *6 (M.D. Pa. Aug. 10, 2021), the court granted summary judgment to a defendant based on lack of evidence in the record and the plaintiffs sought reconsideration to correct an error by pointing to deposition testimony. The court rejected that argument "because Plaintiffs did not introduce the evidence [ ] at any point before the court's decision." *Id.*

In *Dougherty*, this member of the court adopted a similar standard. The court stated: "A motion for reconsideration is not a means 'to raise new arguments or evidence that could have

4

been proffered prior to the issuance of the order in question.'" *Dougherty*, 2018 WL 3869743, at *2 (quoting *Langston v. Hershey Medical Center*, Case No. 1:15-CV-2027, 2016 WL 6780702, at *2 (M.D. Pa. Nov. 16, 2016)).

The evidence the Michaleks now seek to present was in existence at that time of the original summary judgment motion. Plaintiffs' counsel admits "that he mistakenly forgot that the proofs were produced in one lone email." (ECF No. 73 at 4). Counsel explains that this case has a large, complex file and a long, tortured history. *Id.* Plaintiffs portray the failure to introduce the ALE evidence as a mutual mistake by both counsel. *Id.* at 5. Nationwide points to deficiencies in the documentation. To address those disputes, the court would need further briefing, which may implicate the need to open the record for further discovery.

The court is not convinced that these circumstances justify reconsideration. There were extensive summary judgment proceedings and the CSMFs were fully developed. The ALE claim was directly placed at issue. Nationwide consistently contended that there was insufficient documentation. The Michaleks had numerous opportunities and the incentive to fully produce all their evidence about the ALE expenses during the original summary judgment proceedings. The Michaleks have not pointed to any conduct by Nationwide that prevented them from introducing the evidence. The court recognizes its discretion, but notes the further delay that would be required for additional briefing and possible additional discovery and concludes that it would not be consonant with justice to permit reconsideration under the facts and circumstances of this matter.

V. Conclusion

In accordance with the foregoing discussion, plaintiffs' motion for reconsideration (ECF No. 73) will be DENIED.  An appropriate order follows.

Dated: June 1, 2022

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge